IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS RIOS, #Y29535 ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00565-SMY |
| ) | |
| THOMAS BURRELL, ) | |
| LOUIS SHICKER, ) | |
| LU WALKER, and ) | |
| ROB JEFFREYS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jesus Rios, a former inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff saw Dr. Thomas Burrell on July 6, 2018 and was told he had a tooth that needed to be extracted. He agreed to the extraction and saw Dr. Burrell a few times in 2018 and 2019. During that time, Plaintiff experienced pain while eating and exercising. The tooth was not extracted until August 22, 2019. The extraction took over an hour and a half during which Plaintiff was in severe pain. Dr. Burrell

---

[1] Plaintiff was incarcerated at Shawnee Correctional Center at the time he filed the Complaint (Doc. 1). He subsequently filed a Notice of Change of Address which indicates he is no longer incarcerated (Doc. 16).

was unable to extract the root of the tooth.  He told Plaintiff he would be scheduled for oral surgery and prescribed Ibuprofen for pain relief.

After the procedure, Plaintiff's gums had cuts and scratches and were swollen and bleeding.  He suffered immense pain and experienced extreme pounding throughout his head.  The condition became worse and continued for a couple of weeks.  Ibuprofen did not help with the pain and the prescription ran out after ten days.  During a follow-up appointment on August 28, 2019, Plaintiff told Dr. Burrell about the extreme pain.  Dr. Burrell told Plaintiff there was no infection and he would not give him anything else for pain.  Plaintiff experienced difficulty eating, sleeping, showering, and performing everyday activities due to the pain.  After a couple of weeks, the pain subsided, but his gums were extremely sore and easily irritated when eating.

Plaintiff filed a grievance on September 3, 2019, but grievance officers, counselors, and Warden Walker ignored his pain.  He submitted his grievance to the ARB, but nothing was done.

Plaintiff had oral surgery on September 13, 2019 at an outside facility.  The oral surgeon told him that Dr. Burrell "messed you up something good."  Plaintiff told the oral surgeon about the pain he experienced after the partial extraction.  The oral surgeon stated he would prescribe Tylenol-3 for post-surgery pain relief.  However, Dr. Burrell cancelled the prescription and ordered Ibuprofen to be given to Plaintiff for pain relief.  Plaintiff was not taken for his follow-up appointment with the oral surgeon.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against Dr. Burrell, Louis Shicker, Lu Walker, and Rob Jeffreys for exhibiting deliberate indifference to Plaintiff's serious medical needs related to a delay in dental treatment and a tooth extraction.
>
> Count 2: State law medical negligence claim against Dr. Burrell for delaying

dental treatment and a negligent tooth extraction.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Plaintiff asserts a claim against Wexford Health Sources, Inc., but it is not named as a defendant in the case caption. As such, Wexford is not a party and Plaintiff cannot proceed against it. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint cannot assert a claim against individual mentioned in body of Complaint but not named in the caption).

Plaintiff seeks to assert a *respondeat superior* claim against Louis Shicker. However, the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Because there are no allegations that Shicker was personally involved in the deprivation of Plaintiff's constitutional rights, he will be dismissed. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Plaintiff asserts claims against Defendants in their individual and official capacities. Because he seeks monetary damages,[2] he must bring his claims against them in their individual capacities only. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d

---

[2] Plaintiff's only claim for injunctive relief – a request for an examination of Dr. Burrell's past and present cases to evaluate whether he is competent to practice dentistry – is not an available form of relief in this § 1983 lawsuit.

3

1068, 1070 (7th Cir. 1987). This is because an official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, the official capacity claims are dismissed without prejudice.

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's allegations are sufficient to state a viable deliberate indifference claim in Count 1 against Dr. Burrell.

Plaintiff also alleges deliberate indifference on the part of Warden Walker and IDOC Director Jeffreys who were allegedly made aware of his objectively serious medical condition and inadequate dental care by way of his September 3, 2019 grievance and failed to take any action to rectify the situation. However, the grievance documents Plaintiff attached to the Complaint contradict this claim.[3] In the September 3, 2019 grievance, Plaintiff complains about the August 22 and 28, 2019 appointments with Dr. Burrell and seeks pain medication, an x-ray of his tooth, and proper dental treatment. By the time Warden Walker reviewed the grievance on October 7,

---

[3] The documents attached to the Complaint are deemed incorporated into it and "[t]o the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013); *see also Sanders v. Bertrand*, 72 F.App'x 442 (7th Cir. 2003) (upholding dismissal of claim following screening under 28 U.S.C. § 1915A based on facts in documents attached to complaint). It is possible for a plaintiff to plead himself out of court by including exhibits to the complaint that show he is not entitled to the relief he seeks. *Centers v. Centennial Mortg. Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

2019 and IDOC Director Jeffreys reviewed the appeal of the grievance on November 12, 2019, the grievance was moot because Plaintiff had oral surgery on September 13, 2019. There is no indication that they were aware of alleged ongoing unconstitutional conduct and facilitated, approved, condoned, or turned a blind eye to it so as to subject them to liability. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). They cannot be held liable solely based on their position as administrators as the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Count 1 will be dismissed as to Walker and Jeffreys.

**Count 2**

Plaintiff asserts a state law medical negligence claim against Dr. Burrell. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Because Plaintiff's allegations of medical negligence derive from the same facts as his Eighth Amendment deliberate indifference claim, this Court will exercise supplemental jurisdiction over the claim.

An Illinois medical negligence claim requires the plaintiff to show: (1) the applicable standard of care; (2) the defendant breached the standard of care and was negligent; and (3) and the breach was a proximate cause of the plaintiff's injury. *Chambers v Igram*, 858 F.2d 351, 355 (7th Cir. 1988). Plaintiff's allegations are sufficient to proceed on a medical negligence claim against Dr. Burrell.[4]

---

[4] The Court notes that Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622. If he intends to proceed with this claim, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). His failure to do so is not dispositive

**Disposition**

Counts 1 and 2 will proceed against Defendant Thomas Burrell, in his individual capacity. The Complaint fails to state a claim against Defendants Louis Shicker, Lu Walker, and Rob Jeffreys and they are dismissed without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** Walker, Jeffreys, and Shicker as defendants.

The Clerk shall prepare for Thomas Burrell: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit

---

of his claim at this point. *Id.* However, Plaintiff must comply with the requirements set forth in 735 ILCS § 5/2-622 before the Court considers summary judgment on the merits of the case.

Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  July 20, 2021                                *s/ Staci M. Yandle*
                                                                 **STACI M. YANDLE**
                                                                 **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.