IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS RIOS, #Y29535 ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00565-SMY |
| ) | |
| THOMAS BURRELL, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant's Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on the Issue of Deliberate Indifference in Delay of Dental Treatment (Doc. 29). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Jesus Rios filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. He makes the following allegations in the Complaint (Doc. 1): Dr. Thomas Burrell told Plaintiff on July 6, 2018 that he had a tooth that needed to be extracted. Plaintiff agreed to the extraction and saw Dr. Burrell a few times in 2018 and 2019. During that time, Plaintiff experienced pain while eating and exercising. The tooth was not extracted until August 22, 2019. The extraction took over an hour and a half during which Plaintiff was in severe pain. Dr. Burrell was unable to extract the root of the tooth. He told Plaintiff he would be scheduled for oral surgery and prescribed Ibuprofen for pain relief.

After the procedure, Plaintiff's gums had cuts and scratches and were swollen and bleeding. He suffered immense pain and experienced extreme pounding throughout his head. The condition

became worse and continued for a couple of weeks. Ibuprofen did not help with the pain and the prescription ran out after ten days. During a follow-up appointment on August 28, 2019, Plaintiff told Dr. Burrell about the extreme pain. Dr. Burrell told Plaintiff there was no infection and he would not give him anything else for pain. Plaintiff experienced difficulty eating, sleeping, showering, and performing everyday activities due to the pain. After a couple of weeks, the pain subsided, but his gums were extremely sore and easily irritated when eating. Plaintiff had oral surgery on September 13, 2019 at an outside facility to remove the rest of the tooth.

After preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims (Doc. 19):

> Count 1: Eighth Amendment claim against Dr. Burrell for exhibiting deliberate indifference to Plaintiff's serious medical needs related to a delay in dental treatment and a tooth extraction.
>
> Count 2: State law medical negligence claim against Dr. Burrell for delaying dental treatment and a negligent tooth extraction.

Defendant argues that Plaintiff did not file a grievance on the claim raised in Count 1 related to the alleged delay in the extraction of the tooth from July 6, 2018 to August 22, 2019. Plaintiff was notified of the motion and the consequences of a non-response in a Federal Rule of Civil Procedure 56 Notice of Motion filed by Defendant (Doc. 31). He did not file a response. As such, the facts are considered undisputed and an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is unnecessary.

## **DISCUSSION**

Failure to exhaust administrative remedies is an affirmative defense properly raised in a motion for summary judgment to be resolved by the judge. *Pavey,* 544 F.3d at 740. Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to

judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies prior to filing lawsuits in federal courts with regard to prison conditions. 42 U.S.C. § 1997e(a). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is mandatory – a lawsuit filed by a prisoner before administrative remedies have been exhausted must be dismissed. *Ford v. Johnson*, 362 F.3d 395, 398 (2004).

As an inmate in the Illinois Department of Corrections, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). The regulations require an inmate to file his grievance with his counselor within sixty days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance is then submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

Additionally, to satisfy the administrative regulations, the grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint."

20 ILL. ADMIN. CODE § 504.810(c).  In other words, an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints."  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

The Eighth Amendment claim in Count 1 is based on (1) an alleged delay in dental treatment from July 6, 2018 to August 22, 2019 and (2) issues related to the tooth extraction on August 22, 2019, including post extraction pain.  Plaintiff submitted only one grievance related to the claim in Count 1 – grievance 2019-9-45 dated September 3, 2019 (Doc. 30-1, pp. 14-18).  In that grievance, Plaintiff complained of issues related to the tooth extraction on August 22, 2019 and post extraction pain.  He requested pain medication, an x-ray, and proper dental treatment.  He did not mention or seek redress for an alleged delay in receiving the tooth extraction or any other dental issue prior to August 22, 2019.

Accordingly, the Court finds that Plaintiff only partially exhausted the subject matter of the claim in Count 1.  Because he failed to file a grievance regarding the alleged delay in dental treatment from July 6, 2018 to August 22, 2019, that portion of his Eighth Amendment claim is **DISMISSED without prejudice**.  He may proceed on his Eighth Amendment claim related to the tooth extraction on August 22, 2019 and post extraction pain.

As to the claim in Count 2, the PLRA's exhaustion requirement does not apply to state law tort claims. 42 U.S.C. § 1997e(a) (2013); *McDaniel v. Meisner*, 617 F. App'x. 553, 556 n.3 (2015).  That said, the Court may appropriately decline to exercise supplemental jurisdiction over a state law claim when the Court dismisses claims over which it has original jurisdiction.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); 28 U.S.C. § 1367(c)(3).  In that vein, the Court declines to exercise supplemental jurisdiction over the state law claim related to the delay in dental treatment from July 6, 2018 to August 22, 2019.  The Court will, however, exercise

4

supplemental jurisdiction over the state claim related to the tooth extraction on August 22, 2019 and post extraction pain because it derives from a common nucleus of operative fact with the federal claim that is proceeding.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion for Summary Judgment (Doc. 29) is **GRANTED**.  The Eighth Amendment claim in Count 1 for a delay in dental treatment from July 6, 2018 to August 22, 2019 is **DISMISSED without prejudice**.  Additionally, the Court declines to exercise supplemental jurisdiction over the state law claim related to the delay in dental treatment from July 6, 2018 to August 22, 2019.

This matter shall proceed on the following claims (as modified):

Count 1:   Eighth Amendment claim against Dr. Burrell for exhibiting deliberate indifference to Plaintiff's serious medical needs related to a tooth extraction and post extraction pain.

Count 2:   State law medical negligence claim against Dr. Burrell for negligent tooth extraction and post extraction dental care.

**IT IS SO ORDERED.**

**DATED: July 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**